DECISION
The matter before the court is the plaintiff's motion for further attorney fees in the amount of $14,981.50 and for costs in the amount of $2,907.50 pursuant to R.I.G.L. 42-46-8(d), 9-22-9 and RCP 54(d).
On January 5, 1999, this court found for the plaintiff in his complaint that the defendant violated the provisions of the Open Meetings Law and, further, found that the plaintiff was entitled to an award of $9,663.00 for attorney fees, which represented 50 per cent of what the plaintiff sought. In essence, this court found that "although I have no doubt that counsel expended the hours indicated in his affidavit (113 hours) . . . to charge the people of this state $200.00 per hour for services in a matter that was immediately addressed by the defendant, Dr. Carl, when he ordered all future meetings of the Emergency Hiring Council to be subject to the Open Meetings Law appears to be excessive."
On June 14, 2001, the Supreme Court of Rhode Island affirmed the decision of this court both in its finding of a statutory violation and in its award for attorney fees. The plaintiff now seeks fees and costs for successfully defending an appeal of this court's earlier decison respecting both the finding of a statutory violation and the award of attorney fees.
In its appeal to the Supreme Court, the defendant raised arguments and objections not heard nor considered by the trial court respecting the authority of the Emergency Hiring Council and the role of the State Budget Office, which arguments the plaintiff was required to research and respond to. Plaintiff's counsel submitted a 35 page brief in defense of the original ruling and, in response to the defendant's new arguments, raised on appeal, the plaintiff prevailed on all issues. The single issue is whether the fees and costs prayed for should be awarded. The answer is Yes. The defendant argues in its memorandum that since the defendant, Dr. Carl, voluntarily complied with the Act after the filing of this lawsuit, this court, as it did in its earlier ruling reducing the plaintiff's request for attorney fees by 50 per cent, should do likewise. What the defendant ignores, however, is the fact that by appealing to the Supreme Court, the defendant obligated the plaintiff to respond by preparing and presenting a 35 page brief. Although voluntary compliance was a significant factor in reducing the earlier request for attorney fees, it cannot be said that the defendant's unsuccessful appeal is deserving of the same consideration.
Further, the defendant's argument that the plaintiff is "double dipping" in his request for $2115.00 is without merit. A review of the affidavits submitted indicate that for the period 10/7/99 through 10/19/99 the plaintiff did not include those 11.5 hours as part of the original request for compensation. Indeed, the original affidavit, which the court did consider when it made the original award, identified 9/30/99 as the last day of work for which the plaintiff sought to be compensated.
On the issue of the prayer for $2907.50 for costs, it appears that $1432.74 pertains to those costs incurred as a result of the appeal of the defendant while the balance of $1474.76 represents costs incurred at the trial of the case but were never awarded.
It would, in my view, be inappropriate to now award costs allegedly incurred at the trial from which award the defendant would not have the opportuity to contest.
In summary, I find the evidence presented and the arguments advanced justify an additional award to the plaintiff in the amount of $14,984.50 for attorney fees and $1432.74 for costs incurred in defending the appeal.
Counsel for the plaintiff shall prepare and submit a Judgment consistent with the decision.